GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

EDMUND K. SAFFERY       5860-0
   esaffery@goodsill.com
KELLIE K. L. WONG        11870-0
   kwong@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
STATE FARM FIRE AND CASUALTY
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| FREDERICK SCOTT SCONFIENZA and JESSICA MARIE SCONFIENZA as Trustees of the Sconfienza Revocable Living Trust dated October 19, 2007,<br><br>        Plaintiffs,<br><br>  vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        Defendant. | CIVIL NO.<br><br>DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF REMOVAL; EXHIBIT "1"; CERTIFICATE OF SERVICE |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF REMOVAL

Defendant STATE FARM FIRE AND CASUALTY COMPANY ("State Farm" or "Defendant"), by and through its attorneys, Goodsill Anderson Quinn & Stifel, LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of a lawsuit entitled *Frederick Scott Sconfienza and Jessica Marie Sconfienza as Trustees of the Sconfienza Revocable Living Trust dated October 19, 2007 v. State Farm Fire and Casualty Company*, Civil No. 2CCV-25-0000044 from the Circuit Court of the Second Circuit, State of Hawaiʻi to the United States District Court for the District of Hawaiʻi.  Removal is based upon 28 U.S.C. § 1332(a) and the procedural requirements for removal have been satisfied.  As grounds for removal, Defendant states as follows:

**I.    BACKGROUND**

1.    On February 4, 2025, Plaintiffs Frederick Scott Sconfienza and Jessica Marie Sconfienza, as Trustees of the Sconfienza Revocable Living Trust dated October 19, 2007 ("Plaintiffs") filed a Complaint against State Farm in the Circuit Court of the Second Circuit, State of Hawaiʻi, where it was assigned the civil number of 2CCV-25-0000044.  A copy of the Complaint and Summons is attached hereto as Exhibit "1" (hereinafter, "Complaint").  The Complaint was served upon Defendant's agent for service of process on June 19, 2025.

2. In the Complaint, Plaintiffs allege that State Farm issued an insurance policy to them, which insured property located at 92 Molehulehu Loop, Kahului, Hawaiʻi 96732 ("Property"). *See* Complaint, ¶¶ 1, 3.

3. Plaintiffs allege that the Property was covered and insured for covered losses by the insurance policy ("Policy"). *Id.*, at ¶ 7.

4. Plaintiffs allege that on or about August 8, 2023, the Property sustained losses covered under the Policy, "including but not limited to storm and wind damages to the roofing system." *Id.*, at ¶¶ 9-10.

5. Plaintiffs allege that they timely and appropriately applied for insurance benefits with State Farm. *Id.*, at ¶ 12.

6. Plaintiffs allege that State Farm "failed and refused to admit full coverage under the Policy and pay Plaintiff the entirety of the benefits" for the alleged covered loss. *Id.*, at ¶ 13.

7. Plaintiffs allege that "[a]ll conditions precedent to requiring Defendant to make payment of the applicable benefits under the Policy have been complied with, met or waived by Defendant." *Id.*, at ¶ 14.

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8. Based upon information and belief, Plaintiffs are domiciled in the State of Hawaiʻi. *Id.*, at ¶ 1. A search of available information, including court

records and publicly accessible information, indicate that the individual plaintiffs are employed and reside on Maui.

9. State Farm is and was at all times relevant a foreign corporation organized under the laws of the State of Illinois with its principal place of business in Illinois and its headquarters at 1 State Farm Plaza, Bloomington, Illinois 61710.

10. Therefore, State Farm is deemed a citizen of Illinois for purposes of removal under 28 U.S.C. § 1332(a)(1). *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").

### III. THE MATTER IN CONTROVERSY EXCEEDS $ 75,000.00

11. Based on information and belief and the allegations in the Complaint, it is facially apparent that the alleged amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This Court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy" or "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citations omitted). A defendant must only prove by preponderance of the evidence, i.e. that it is "more likely than not" that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404

(9th Cir. 1996). Moreover, this Court has stated that "Where a Plaintiff has prayed for 'compensatory and punitive or treble damages, as well as attorney's fees' this Court has held that the jurisdictional requirement [of 28 U.S.C. § 1332] is satisfied." *Minnoch v. Kaiser Found. Health Plan, Inc.*, No. CIV.08-00176DAE-BMK, 2008 WL 4527343, at *2 (D. Haw. Oct. 8, 2008) (citing *Engle v. Liberty Mut. Fire Ins. Co.*, 402 F. Supp. 2d 1157, 1160 (D. Haw. 2005)).

        12.    Although Plaintiffs do not allege a specific amount of damages, this Court should consider that their claimed compensatory damages will "more likely than not" exceed $75,000.00. *See*, *Minnoch*, 2008 WL 4527343, at *2. In paragraph 22 of the Complaint, Plaintiffs allege that it is entitled to compensation for the loss to the Property, including "the full cost for remediation and repair of the Property", "court costs, expert fees and costs, attorneys' fees allowed by Hawaii law, and pre-judgment interest", and "additional policy benefits for contents, loss of use, emergency repairs, debris removal, and/or any other benefit available under the policy." Plaintiffs also seek damages for alleged breach of the implied covenant of good faith in the insurance contract and intentional infliction of emotional distress. *See* Counts II and III of the Complaint.

        13.    Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists

between Plaintiffs and State Farm and because the amount in controversy will likely exceed $75,000.00, exclusive of interest and costs.

14. The United States District Court for the District of Hawai'i encompasses the county in which the State Court action is now pending, and therefore this Court is the proper District Court to which this case should be removed pursuant to 28 U.S.C. § 1441(a).

15. This Notice of Removal is being filed within thirty (30) days after the simultaneous service of the Complaint and Summons on State Farm which occurred on June 19, 2025 and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

16. In compliance with 28 U.S.C. § 1446(d) a copy of this Notice of Removal will be promptly filed with the Clerk of the Second Circuit Court, State of Hawai'i and served on all parties of record.

17. A copy of the Complaint and summons filed in the Second Circuit Court of the State of Hawai'i on February 4, 2025 is attached hereto as Exhibit "1".

18. This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

19. State Farm has not answered and/or otherwise filed any pleadings in response to the Complaint, and does not waive any defenses to the Complaint.

WHEREFORE, State Farm prays that the above-entitled action be removed from the Circuit Court of the Second Circuit, State of Hawaiʻi, to the United States District Court for the District of Hawaiʻi.

DATED:  Honolulu, Hawaiʻi, July 9, 2025.

*/s/ Edmund K. Saffery*
EDMUND K. SAFFERY
KELLIE K. L. WONG

Attorneys for Defendant
STATE FARM FIRE AND CASUALTY COMPANY