WOOLSEY MORCOM

MARIA C. F. CRUZ                    11643-0
Attorney at Law
A Law Corporation
203 Fort Wade Road, Suite 260
Ponte Vedra, Florida 32081
Telephone: (904) 638-4235
Facsimile: (904) 638-9302
E-mail: mcruz@woolseymorcom.com

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-25-0000044**
**04-FEB-2025**
**10:40 PM**
**Dkt. 1 CMPS**

CLAY IWAMURA PULICE & NERVELL

CARLOS D. PEREZ-MESA, JR.     #5448
JASON S. KASAMOTO              #11376
Topa Financial Center, Bishop Street Tower
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 535-8400
Facsimile: (808) 536-8446
Email: cperez-mesa@paclawteam.com
Email: jkasamoto@paclawteam.com

Attorneys for Plaintiffs
FREDERICK SCOTT SCONFIENZA and
JESSICA MARIE SCONFIENZA as
Trustees of the Sconfienza Revocable Living
Trust dated October 19, 2007

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| FREDERICK SCOTT SCONFIENZA and JESSICA MARIE SCONFIENZA as Trustees of the Sconfienza Revocable Living Trust dated October 19, 2007, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. _____ <br> (Contract) <br><br> COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

**EXHIBIT "1"**

## COMPLAINT

Plaintiffs FREDERICK SCOTT SCONFIENZA and JESSICA MARIE SCONFIENZA as Trustees of the Sconfienza Revocable Living Trust dated October 19, 2007 (collectively, "Plaintiff"), by and through their undersigned attorneys, hereby asserts the following Complaint against Defendant STATE FARM FIRE AND CASUALTY COMPANY ("Defendant") and alleges and avers as follows:

## THE PARTIES

1.    At all times material, Plaintiff was and is the owner of 92 Molehulehu Loop, Kahului, HI 96732, Tax Map Key No. (2) 3-8-090-124 (the "Property").

2.    Defendant is, and at all times material, was a domestic for-profit corporation registered to do business in the State of Hawaii.

3.    Upon information and belief, at all times material, Plaintiff maintained an insurance policy issued to Plaintiff by Defendant with a policy period of October 31, 2023 through October 31, 2024, bearing policy number 51-BY-6358-3 (the "Policy").

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to Hawaii Revised Statutes ("HRS") Section 603-21.5, 632-1, and 634-35 to decide an actual controversy existing between Plaintiff and Defendant.

5.    The matters and events giving rise to the claims set forth in this Complaint occurred in the County of Maui, State of Hawaii.

6.    Pursuant to HRS Section 603-36, venue is proper in this Circuit because the transactions and events giving rise to Plaintiff's claims occurred in this Circuit.

/ / /

/ / /

2

### FACTUAL BACKGROUND

7.     At all times material, Plaintiff's Property was covered and insured for covered losses by the Policy.

8.     Plaintiff has paid all premiums on the Policy, and the Policy was in full force and effect at all times material.

9.     On or about August 8, 2023 ("Date of Loss"), Plaintiff suffered damages to the Property, including but not limited to storm and wind damages to the roofing system.

10.     The loss to the Property was caused by a covered peril pursuant to the terms of the Policy.

11.     The loss to Plaintiff's Property is sudden, accidental, continuing in nature, and covered under the Policy.

12.     Shortly after the Date of Loss, Plaintiff timely and appropriately made an application for insurance benefits under the Policy, and Defendant assigned claim number 5163L107P (the "Claim").

13.     However, Defendant has failed and refused to admit full coverage under the Policy and pay Plaintiff the entirety of the benefits to which Plaintiff is entitled for the covered loss resulting from the damage to Plaintiff's Property.

14.     All conditions precedent to requiring Defendant to make payment of the applicable benefits under the Policy have been complied with, met or waived by Defendant.

15.     As a result of Defendant's refusal to pay the covered losses under the Policy, Plaintiff has retained the services of the undersigned attorney and is obligated to pay a reasonable fee for its services.  Plaintiff is entitled to attorneys' fees in this action pursuant to HRS Section 431:10-242.

## COUNT I
(Breach of Contract)

16.    Plaintiff repeats, realleges, and incorporates herein the allegations contained in paragraphs 1 through 15 of this Complaint.

17.    Plaintiff and Defendant are parties to the Policy, a valid and enforceable contract, under which Defendant is required to provide insurance benefits to Plaintiff in the event of a covered loss to Plaintiff's Property.

18.    Plaintiff has suffered a covered loss to the Property.

19.    At all times material, Plaintiff performed Plaintiff's obligations under the Policy.

20.    Defendant has breached the Policy by failing to acknowledge the covered loss and by failing to pay Plaintiff all of the benefits due and owing under the Policy.

21.    Plaintiff is the aggrieved owner of the Property and the insured under the Policy and has been damaged as a direct and proximate result of Defendant's breach of its duties under the Policy.

22.    Plaintiff is entitled to compensation for the loss to the Property. Plaintiff seeks the following damages: (a) the full cost for remediation and repair of the Property; (b) damages including court costs, expert fees and costs, attorneys' fees allowed by Hawaii law, and pre-judgment interest; and (c) additional policy benefits for contents, loss of use, emergency repairs, debris removal, and/or any other benefit available under the policy.

## COUNT II
(Breach of Implied Covenant of Good Faith and Fair Dealing)

23.    Plaintiff repeats, realleges, and incorporates herein the allegations contained in paragraphs 1 through 22 of this Complaint.

4

24.    In all contracts, including the Policy, there is an implied covenant of good faith and fair dealing which applies to insurance companies, including Defendant and its agents.

25.    Defendant's conduct, as described herein, constitutes a breach of the implied covenant of fair dealing.

26.    Specifically, the Defendant owed benefits due pursuant to the Policy, but improperly withheld these benefits despite being put on notice of the full extent of the loss.

27.    The withholding of these benefits was unreasonable or without proper cause based upon the information available to the Defendant.

28.    As no payment of benefits has been made to Plaintiff by Defendant, Defendant has unreasonably delayed and withheld benefits to Plaintiff.

29.    As a direct, proximate, and foreseeable result of the Defendant's breaches of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in an amount to be proven at trial, plus fees and costs.

COUNT III
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

30.    Plaintiff repeats, realleges, and incorporates herein the allegations contained in paragraphs 1 through 29 of this Complaint.

31.    Defendant issued the Policy to Plaintiff, under which Plaintiff was entitled to receive certain benefits in the event of a covered loss, as suffered by Plaintiff.

32.    Plaintiff has fully complied with all terms, conditions, and requirements of the Policy and has made all necessary claims for benefits in a timely manner.

33.    Despite Plaintiff's compliance and the clear obligations under the Policy, Defendant has refused to provide the benefits owed to Plaintiff, engaging in conduct that was intentional, outrageous, and in reckless disregard of the probability that its actions would cause Plaintiff severe emotional distress.

5

34.     Defendant's actions include but are not limited to:

    a.  Willfully denying benefits owed under the Policy without just cause or reason;

    b.  Delaying payment of benefits in an unreasonable and deliberate manner;

    c.  Failing to properly investigate Plaintiff's claims; and

35.     Defendant acted with the intent to cause, or with reckless disregard of the likelihood of causing, Plaintiff to suffer severe emotional distress, knowing that the denial and withholding of benefits would cause significant harm.

36.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe emotional distress.

WHEREFORE, the Plaintiffs, FREDERICK SCOTT SCONFIENZA and JESSICA MARIE SCONFIENZA, individually and as Trustees of the Sconfienza Revocable Living Trust dated October 19, 2007, demand judgment against Defendant/Insurer, STATE FARM FIRE AND CASUALTY COMPANY, an insurance corporation for:

A.     All damages to which Plaintiff is entitled, including all benefits available under the Policy of insurance;

B.     Pre-judgment interest;

C.     Court costs, expert fees, and attorneys' fees pursuant to HRS Section 431:10-242 and HRS Section 607-14; and

D.     Any such other and further relief that this Court deems just and proper.

/ / /

/ / /

/ / /

6

DATED: Honolulu, Hawaii, February 4, 2025.

WOOLSEY MORCOM

/s/ Maria C. F. Cruz
MARIA C. F. CRUZ
Attorney for Plaintiffs
FREDERICK SCOTT SCONFIENZA and
JESSICA MARIE SCONFIENZA as
Trustees of the Sconfienza Revocable
Living Trust dated October 19, 2007

CLAY IWAMURA PULICE & NERVELL

/s/ Carlos D. Perez-Mesa, Jr.
CARLOS D. PEREZ-MESA, JR.
JASON S. KASAMOTO
Attorneys for Plaintiffs
FREDERICK SCOTT SCONFIENZA and
JESSICA MARIE SCONFIENZA as
Trustees of the Sconfienza Revocable
Living Trust dated October 19, 2007

7

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| FREDERICK SCOTT SCONFIENZA and JESSICA MARIE SCONFIENZA as Trustees of the Sconfienza Revocable Living Trust dated October 19, 2007,<br><br>        Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. _____<br>(Contract)<br><br>DEMAND FOR JURY TRIAL |

## DEMAND FOR JURY TRIAL

Plaintiffs FREDERICK SCOTT SCONFIENZA and JESSICA MARIE SCONFIENZA, individually and as Trustees of the Sconfienza Revocable Living Trust dated October 19, 2007, by and through the undersigned attorneys, hereby demands a trial by jury on all issues triable herein. This demand is made pursuant to Rule 38 of the Hawaii Rules of Civil Procedure and the records and files herein.

DATED: Honolulu, Hawaii, February 4, 2025.

WOOLSEY MORCOM

*/s/ Maria C. F. Cruz*_____
MARIA C. F. CRUZ
Attorney for Plaintiffs
FREDERICK SCOTT SCONFIENZA and
JESSICA MARIE SCONFIENZA as
Trustees of the Sconfienza Revocable
Living Trust dated October 19, 2007

CLAY IWAMURA PULICE & NERVELL

*/s/ Carlos D. Perez-Mesa, Jr.*
CARLOS D. PEREZ-MESA, JR.
JASON S. KASAMOTO
Attorneys for Plaintiffs
FREDERICK SCOTT SCONFIENZA and
JESSICA MARIE SCONFIENZA as
Trustees of the Sconfienza Revocable
Living Trust dated October 19, 2007

2

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>SECOND      CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | |
|---|---|---|
| CASE NUMBER<br><br>PLAINTIFF<br>FREDERICK SCOTT SCONFIENZA and<br>JESSICA MARIE SCONFIENZA as Trustees of<br>the Sconfienza Revocable Living Trust dated<br>October 19, 2007 | PLAINTIFF'S NAME & ADDRESS, TEL. NO.<br>MARIA C. F. CRUZ #11643<br>203 Fort Wade Road, Suite 260<br>Ponte Vedra, Florida 32081<br>Telephone: (904) 638-4235<br><br>CARLOS D. PEREZ-MESA, JR. #5448<br>JASON S. KASAMOTO #11376<br>700 Bishop Street, Suite 2100<br>Honolulu, Hawaii 96813<br>Telephone: (808) 535-8400 | |
| DEFENDANT(S)<br>STATE FARM FIRE AND CASUALTY<br>COMPANY | | |

**TO THE ABOVE-NAMED DEFENDANT(S)**

    You are hereby summoned and required to filed with the court and serve upon

WOOLSEY MORCOM
203 Fort Wade Road, Suite 260
Ponte Vedra, Florida 32081
Telephone: (904) 638-4235

CLAY IWAMURA PULICE & NERVELL
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 535-8400

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

DATE ISSUED  February 4, 2025

Effective Date of 03-Jul-2023
signed by: /s/M. Ferreira
Clerk, 2nd Circuit, State of Hawai`i
The original document is filed in the
Judiciary's electronic case management
system which is accessible via eCourt Kokua
at: http://www.courts.state.hi.us





If you need an accommodation for a disability when participating in a court program, service, or activity, please contact the ADA Coordinator as soon as possible to allow the court time to provide an accommodation:
Call (808) 244-2855 FAX (808) 244-2932 OR Send an e-mail to: adarequest@courts.hawaii.gov.  The court will try to provide, but cannot guarantee, your requested auxiliary aid, service or accommodation.

*(Rev. 7/3/2023)*